IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSE FIESTA BAUTISTA, JR.,<br><br>        Plaintiff,<br><br>vs.<br><br>TRANSOCEANIC CABLE SHIP COMPANY LLC,<br><br>        Defendant. | Civ. No. 18-00151 DKW-KJM<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS (ECF NO. 13) |

      Defendant Transoceanic Cable Ship Company LLC ("Defendant" or "Transoceanic") moves to dismiss Plaintiff Jose Bautista's ("Plaintiff" or "Bautista") Complaint filed on April 26, 2018, arguing that the action is barred by the three-year limitations period set forth in 46 U.S.C. § 30106.[1] Defendant contends that Plaintiff has made a binding admission that the incident giving rise to this suit occurred on March 15, 2015 — more than three years before this action was filed. Plaintiff made that admission in his Answer to a complaint in a related declaratory relief action, arising out of the same events, before Judge Alan C. Kay.

---

[1] Section 30106 (formerly 46 U.S.C. App. § 763a) provides: "Except as otherwise provided by law, a civil action for damages for personal injury or death arising out of a maritime tort must be brought within 3 years after the cause of action arose."

1

*See Transoceanic Cable Ship Co. LLC v. Bautista*, Civ. No. 17-00209 ACK-KSC (D. Haw. filed May 8, 2017); 2018 WL 4225034 (D. Haw. Sept. 5, 2018) (Findings of Fact and Conclusions of Law).[2]

But even if the incident occurred on March 15 or 16, 2015,[3] as Transoceanic asserts, the applicable statute of limitations only begins to run when "the cause of action *arose*." 46 U.S.C. § 30106 (emphasis added). In determining when the cause of action "arose," the "discovery rule" applies. *See, e.g.*, *Pretus v. Diamond Offshore Drilling, Inc.*, 571 F.3d 478, 481 (5th Cir. 2009) ("This rule, that the

---

[2]In that action, Bautista answered, in relevant part:

> 3. Defendant [Bautista] denies the allegations contained in paragraph 3, except he admits and alleges he was employed by Plaintiff [Transoceanic] when he was injured on March 15, 2015, while aboard the vessel C/S <u>DECISIVE</u> ("Vessel").
>
> . . . .
>
> 9. Defendant admits paragraph 9 and alleges that on March 15, 2015, while working for Plaintiff in the service of the Vessel, he sustained injuries to his back and right knee.

ECF No. 13-4, Def.'s Ex. B at 2-3.

[3]The Complaint in this action alleges:

> On information and belief, allegedly on or about March 16, 2015, Plaintiff was aboard the vessel off Halifax, Nova Scotia, during rough ocean conditions, as a crew member with Defendant. While he was on deck at the bow of the vessel securing a mooring line, Plaintiff was knocked over by a large wave to the deck by the railing of the vessel.

ECF No. 1, Compl. ¶ 10.

statute of limitations is not triggered under certain conditions when the employee does not know of his injury or illness, came to be known as the discovery rule."). Under this rule, "'[a] cause of action under the Jones Act and general maritime law accrues when a plaintiff has had a reasonable opportunity to discover the injury, its cause, and the link between the two.'" *Id.* (quoting *Crisman v. Odeco, Inc.*, 932 F.2d 413, 415 (5th Cir. 1991)). *See also, e.g.*, *White v. Mercury Marine, Div. of Brunswick, Inc.*, 129 F.3d 1428, 1435 (11th Cir. 1997) (holding that "a cause of action 'accrues' for the purposes of 46 U.S.C. App. § 763a when the plaintiff knew or should have known of his injury and its cause"); *cf. Bibeau v. Pac. N.W. Research Found. Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999) (applying discovery rule in 42 U.S.C. § 1983 action, explaining that "[u]nder this rule, the statute only begins to run once a plaintiff has knowledge of the 'critical facts' of his injury, which are 'that he has been hurt and who has inflicted the injury'") (quoting *United States v. Kubrick*, 444 U.S. 111, 122 (1979)).

Applying the discovery rule, Plaintiff has demonstrated that there are at least disputes of material fact indicating that his cause of action did not accrue until April 26, 2015 (when he attests that "my back felt extremely painful after we transferred dirty cable and heavy dragging lines," Bautista Decl. ¶ 7, ECF No. 19-3) or April 27, 2015 (when he reported to the ship's nurse that he was experiencing

3

low back pain, *id.* ¶ 8). At that time, "Ship's nurse Beers does list my date of injury as 4/27/15." *Id.* ¶ 11. Although Bautista alleges (and admitted) a March 15 or 16, 2015 incident with a large wave that may well have been a cause of his injuries, *id.* ¶ 5, he also attests that "[a]fter that incident at that time, I did not feel like I had been injured. I continued on with my very physical duties." *Id.* ¶ 6.

This testimony is consistent with Dr. Kaneshiro's report of a March 2, 2016 independent orthopedic examination, in which Dr. Kaneshiro states that Bautista,

> relates an incident at work on 03/16/15, which is consistently documented in the medical records . . . [although] there is no other corroboration that any incident occurred on 03/16/15. . . . The first medical records regarding any injury are by the ship's medical personnel . . . on 04/27/15 when [Bautista] complained of back and right knee pain.

Def.'s Ex. 1, ECF No. 19-1 at 3. It is also consistent with Judge Kay's September 5, 2018 Findings of Fact and Conclusions of Law in the declaratory relief action. *See Bautista*, 2018 WL 4225034, at *2 ("Following a shipboard incident on March 15 or 16, 2015, in which a large wave knocked Bautista over, he experienced pain but continued to work until April 26, 2015, at which point he stayed in bed for two days due to pain.") (Finding of Fact No. 6).

Assuming Plaintiff's declaration is true, Plaintiff did not discover his injury, its cause, or the "link between the two," *Pretus*, 571 F.3d at 481, until April 26 or

4

27, 2015 — within the three-year statute of limitations.  Crediting Plaintiff's evidence, it was only at that point that he "knew or should have known of his injury and its cause."  *White*, 129 F.3d at 1435.  He did not know "the critical facts of his injury, which are that he has been hurt and who has inflicted the injury," *Bibeau*, 188 F.3d at 1108 (internal quotation marks and citation omitted), until that time.

In short, because there is a genuine issue of material fact as to when Bautista's claim arose, Defendant's Motion is DENIED.[4]

IT IS SO ORDERED.

Dated: October 17, 2018 at Honolulu, Hawaii.



Derrick K. Watson
United States District Judge

---

[4]Defendant brought its Motion under Federal Rule of Civil Procedure 12(b)(6).  But "[a] claim may be dismissed as untimely pursuant to a 12(b)(6) motion 'only when the running of the statute of limitations is apparent on the face of the complaint.'"  *U.S. ex rel. Air Control Tech. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (brackets omitted)).  Here, Plaintiff's Complaint specifically pleads, after alleging relevant facts, that "the applicable three year statute of limitations did not begin to run until at least 4/27/15," Compl. ¶ 13, and thus it is certainly not "apparent on the face of the complaint" that the statute of limitations has run.  The court could deny Defendant's Motion on that basis alone.
Nevertheless, considering the Motion under summary judgment standards, it fails because there are disputes of material fact as to accrual.  *See, e.g.*, *Sheppard v. Monsanto Co.*, 2016 WL 3629074, at *6 (D. Haw. June 29, 2016).