IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| JOSE FIESTA BAUTISTA, JR., | Civ. No. 18-00151 JMS-KJM |
|---|---|
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, ECF NO. 59 |
| vs. | |
| TRANSOCEANIC CABLE SHIP COMPANY LLC, | |
| Defendant. | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, ECF NO. 59**

**I. INTRODUCTION**

Plaintiff Jose Fiesta Bautista, Jr. ("Bautista") filed his Complaint against Defendant Transoceanic Cableship Company LLC ("Transoceanic"), alleging that he is entitled to various relief arising from injuries incurred while working aboard Defendant's vessel in 2015.

Before the court is Defendant's Motion for Summary Judgment. ECF No. 59. Based on the following, the court GRANTS in part and DENIES in part Defendant's Motion for Summary Judgment.

## II. BACKGROUND

**A. Factual Background**

Plaintiff had worked for Defendant for over ten years. *See* Jose Fiesta Bautista, Jr.'s Declaration ("Bautista Decl."), ECF No. 73-2 ¶ 1. In his employment for Transoceanic, he was a "permanent unlimited ablebody (AB) cable splicer seaman." *Id.* He was also a "heavy crane operator" where he "operated a heavy cable transporter." *Id.* In March 2015, Plaintiff was a crewmember aboard the ship C/S Decisive. *Id.* ¶ 2. His "primary job was as a cable splicer" where he "coiled heavy cable." *Id.* "[O]n March 16, 2015, while trying to secure a mooring line on the deck," Plaintiff was "hit hard by a very large wave which nearly pushed [him] overboard."[1] *Id.* ¶ 5.

On April 27, 2015, Plaintiff reported to the ship's nurse. *Id.* ¶ 8; *see also* Def.'s Ex. C, ECF No. 60-15 at PageID #511. The nurse's report reflects Bautista's purported statement that he was experiencing back pain from a March 16, 2015 wave. Def.'s Ex. C, ECF No. 60-15 at PageID #512. The date of injury is listed as April 27, 2015 in this report. *Id.*; *see also* Bautista Decl., ECF No. 73-2

---

[1] The medical records reflect that the wave occurred on either March 15 or 16 of 2015. For the court's purposes here, the differing date is immaterial. The court thus will proceed with using the March 16, 2015 date.

¶ 11.  On May 2, 2015, Plaintiff had a follow-up visit, where the doctor's form indicates that Plaintiff was experiencing low back and right knee pain.  Def.'s Ex. C, ECF No. 60-15 at PageID #514.  The medical record notes that Plaintiff struck his lower back against a railing due to a wave in March of 2015.  *Id.*

In 2015, Transoceanic filed a declaratory relief action in this district, seeking a declaration that Bautista was no longer entitled to payments for maintenance and cure because Bautista had reached maximum cure.  Bautista filed his answer to Transoceanic's complaint, pleading that he was injured on March 15, 2015.  Def.'s Ex. G, ECF No. 60-8 at PageID #315.  During a bench trial before Senior Judge Alan C. Kay, Bautista testified under penalty of perjury that his injury occurred between March 15 and May 2 of 2015, but that he did not recall how he was injured.[2]  *See* Def.'s Ex. H, ECF No. 60-9 at PageID #323.  Judge Kay issued his findings of facts and conclusions of law on September 5, 2018.  *See generally* Def.'s Ex. B, ECF No. 60-4 ("Judge Kay's Order").[3]  Judge Kay

---

[2]  Plaintiff also testified that he injured himself between *April* 15th and May 2nd.  Def.'s Ex. H, ECF No. 60-9 at PageID #322.  In interrogatories submitted in the instant case, however, he now takes the position that the range of time for his injury is March 15th and May 2nd.  *See* Def.'s Ex. F, ECF No. 60-7 at PageID #309.

[3]  In support of its Motion, Defendant requests the court take judicial notice of three documents filed in the declaratory judgment action before Judge Kay:  (i) Judge Kay's September 5, 2018 findings of fact and conclusions of law; (ii) Bautista's answer to Transoceanic's complaint; and (iii) Bautista's trial testimony on August 15, 2018.  The court finds these prior court proceedings judicially noticeable under Rule 201 of the Federal Rules of Evidence.  *See, e.g.*, *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988).

concluded that there was ambiguity as to whether Bautista suffered a right knee injury, but resolved the ambiguity in his favor, presuming that Bautista did suffer a right knee injury. *Id.* at PageID #289. Judge Kay also found that Bautista suffered a back injury in his service on the vessel. *Id.* at PageID #290. He concluded, however, that Bautista reached maximum medical cure as to the right knee and back injuries on August 21, 2017. *Id*. Finally, Judge Kay concluded that "Bautista suffered no neck injury during his service aboard the [vessel]." *Id.* at PageID #291.

In this instant matter, Plaintiff alleges that he has suffered knee, back, and neck injuries. ECF No. 1. He now states in his Declaration that the March 16 wave was not the cause of his back pain, but rather, that on April 26, 2015, his back felt "extremely painful" after transferring dirty cables and dragging heavy lines that "had been brought up from the ocean floor to the tank . . . on the ship's highway."[4] Bautista Decl., ECF No. 73-2 ¶ 7. Thus, according to Plaintiff's Declaration, it was this April 26, 2015 experience that led him to report to the ship's nurse on April 27, 2015. *Id*. He "disagree[s] that [he] told the ship's nurse that [his] back and knee injuries were caused on March 16, 2015." *Id.* ¶ 10.

---

[4] Bautista also offered a new theory, not pled in his Complaint and raised in the first instance in discovery responses, that these injuries were caused by alleged harassment by his superiors. In response to the instant Motion, Plaintiff now denies that this harassment caused his injuries. *See* ECF No. 74 ¶ 8.

4

Plaintiff also states that he "developed neck pain after performing" his duties on April 26, 2015, and "recall[ed] [that he] told nurse Beers on 4/27/2015 that [his] neck was painful; [he] do[es] not know why [nurse Beers] did not put [his] neck pain complaint into [the] report." *Id.* ¶ 12.

According to its records, Transoceanic made maintenance and cure payments for Plaintiff's back and knee injuries from May 4, 2015 to, at the very least, September 30, 2017. Def.'s Ex. D, ECF No. 60-5 at PageID #296. The periods between payments ranged from one 12-day period, one 15-day period, and in one instance a 92-day period. *Id.* Regardless, Plaintiff does not dispute that he received full maintenance and cure payments based on Judge Kay's ruling.[5]

## B. Procedural Background

On April 26, 2018, Plaintiff filed his Complaint against Defendant, alleging three claims: (1) negligence under the Jones Act; (2) unseaworthiness under maritime law; and (3) maintenance and cure payments. *See generally* Complaint, ECF No. 1. On June 22, 2018, Defendant filed a motion to dismiss the negligence and unseaworthiness claims, arguing that these claims were time-barred. *See generally* ECF No. 13. On October 17, 2018, the court denied

---

[5] In fact, the evidence shows that Transoceanic *overpaid* Bautista, making payments beyond August 21, 2017, when Judge Kay determined Plaintiff's injuries had reached maximum medical cure, up and until November 30, 2017. *See* Def.'s Ex. D, ECF No. 60-5.

Defendant's motion, concluding that "Plaintiff has demonstrated that there are at least disputes of material fact indicating that his cause of action did not arise until April 26, 2015." Motion to Dismiss Order ("MTD Order"), ECF No. 24 at PageID #138.[6]

On July 10, 2019, Defendant filed this instant Motion for Summary Judgment, arguing that the evidence shows that Plaintiff's negligence and unseaworthiness claims are time-barred, and that his maintenance and cure claim fails as a matter of law because Plaintiff cannot prove that he is entitled to maintenance and cure payments that were not already paid to him. ECF No. 59. Plaintiff filed his Opposition on September 16, 2019. ECF No. 73. Defendant filed its Reply on September 23, 2019. ECF No. 78. A hearing was held on October 18, 2019.

//
//
//
//
//

---

[6] In support of his Opposition, Plaintiff requests the court take judicial notice of the MTD Order. *See* ECF No. 75. Because the MTD Order is already a part of the record, judicial notice is not needed. Accordingly, the court DENIES Plaintiff's request for judicial notice as moot.

## III. STANDARD OF REVIEW

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Federal Rule of Civil Procedure ("FRCP") 56(a) mandates summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Broussard v. Univ. of Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999).

"A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (*citing Celotex*, 477 U.S. at 323). "When the moving party has carried its burden under Rule 56[(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87 (1986) (citation and internal quotation signals omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

247-48 (1986) (stating that a party cannot "rest upon the mere allegations or denials of his pleading" in opposing summary judgment).

"An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law." *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (*citing Anderson*, 477 U.S. at 248). When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences on behalf of the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *see also Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121, 1126 (9th Cir. 2008) (stating that "the evidence of [the nonmovant] is to be believed, and all justifiable inferences are to be drawn in his favor." (citations omitted)).

## IV. **DISCUSSION**

**A. There is a Genuine Issue of Material Fact as to When the Cause of Action Accrued for Plaintiff's Negligence and Unseaworthiness Claims (Claims 1 & 2)**

The parties agree that a negligence claim under the Jones Act and a claim for unseaworthiness must be commenced within three years from the date the cause of action arose. *See* 46 U.S.C. § 30106; *McAllister v. Magnolia Petrol. Co.*, 357 U.S. 221, 224 (1958).

Plaintiff's Complaint was filed on April 26, 2018. ECF No. 1. Accordingly, the viability of Plaintiff's negligence and seaworthiness claims turns on when the causes of action arose—if they arose before April 26, 2015, then these claims are time-barred. If they arose on or after April 26, 2015, then they are not.

Defendant argues that the "credible" evidence—that is, the medical records and Plaintiff's statements in prior judicial proceedings—indicates that Plaintiff's injury occurred on March 16, 2015 (and thus outside the three-year limitation), when the wave caused Plaintiff to strike his lower back onto a rail.

In response, Plaintiff claims in his Declaration that the March 16, 2015 wave incident did not result in any injuries, and that he only became aware of his injuries on April 26, 2015 from pulling heavy cables (within the three-year limitation).[7] He further disputes the purported statements he made to nurse Beers that is reflected in the medical files.

Plaintiff's Declaration creates a genuine issue of material fact. While the court finds the inconsistencies in Plaintiff's statements in this case and his prior

---

[7] Specifically, Bautista claims that after the March 16, 2015 wave incident, "[he] did not feel like [he] had been injured." Bautista Decl., ECF No. 73-2 ¶ 6. Instead, after transferring cables and dragging lines on April 26, 2015, his "back felt extremely painful" and "on April 27, 2015, [he] could hardly stand up." *Id.* ¶¶ 7-8.

case troubling,[8] such inconsistencies go towards his credibility and the weight of the evidence, which are trier-of-fact issues for the jury. In an attempt to overcome this obstacle, Defendant argues in reply that Plaintiff's Declaration is a "sham declaration" and should not be considered because it contradicts Plaintiff's earlier statements to medical professionals and his answer to Transoceanic's complaint before Judge Kay. The court disagrees.

Plaintiff's Declaration should not be disregarded because it does not directly contradict his prior *sworn* testimony. "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (citing *Foster v. Arcata Assocs.*, 772 F.2d 1453, 1462 (9th Cir. 1985)). A declaration that contradicts *unsworn evidence*, though, is insufficient to arise to the level of a sham declaration. *See e.g., Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999) (finding a triable issue of fact suitable for a jury when a sworn declaration "contradict[s] . . . unsworn letters") (citation omitted).

---

[8] In fact, Plaintiff's arguments appear to conflict with his own evidence. For example, Plaintiff's Opposition suggests that there is no evidence that any wave even occurred. *See* Opp'n, ECF No. 73 at PageID #579-80 (arguing that no injury incident occurred on March 15 or 16). Bautista's Declaration, though, explicitly concedes that a "very large wave which nearly pushed [him] overboard" occurred on March 16, 2015. Bautista Decl., ECF No. 73-2 ¶ 5.

Here, Plaintiff's Declaration—that says he was injured on April 26—appears to contradict his own prior statements made to medical professionals and included in medical records—that he was injured by a wave on March 16. But, the evidence presented of his *prior sworn testimony*, i.e., the trial testimony before Judge Kay, states that he believed his injury occurred sometime between March 15 to May 2 but was unaware of what caused his injuries. Viewing this in the light most favorable to Plaintiff, as the court must at this stage, such testimony is not entirely contradicted nor inconsistent with his Declaration stating that his injuries occurred on April 26. *See Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) (stating that "the sham affidavit rule should be applied with caution because it is in tension with the principle that the court is not to make credibility determinations when granting or denying summary judgment.") (quotation marks and citations omitted). Thus, the sham declaration doctrine does not apply here.

And, in considering Plaintiff's Declaration, there is a genuine issue of material fact as to when Plaintiff was aware of his injury—that is, Defendant says a March 16 wave caused Plaintiff's injuries, whereas Plaintiff has presented evidence via his Declaration that pulling cable lines on April 26 caused his injuries. Accordingly, the court DENIES Defendant's Motion for Summary Judgment as to Plaintiff's negligence and unseaworthiness claims (claims 1 & 2).

## B. Plaintiff's Maintenance and Cure Claim (Claim 3)

"A vessel [has an] obligation to furnish maintenance and cure to a seaman who is injured or taken ill during his service [that] continues until the seaman achieves maximum recovery; that is, until the seaman is well or his condition is found to be incurable." *Permanente S.S. Corp. v. Martinez*, 369 F.2d 297, 298 (9th Cir. 1966); *see also Vaughan v. Atkinson*, 369 U.S. 527, 531 (1962) (A shipowner's obligation to pay "[m]aintenance and cure . . . extends during the period when [a seaman] is incapacitated to do a seaman's work and continues until he reaches maximum medical recovery"). A seaman has reached maximum medical recovery (i.e., maximum medical cure) "where it is probable that further treatment will result in no betterment in the claimant's condition." *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996) (citation omitted).

Defendant moves for summary judgment as to claim 3, alleging that Plaintiff has no evidence showing that Defendant failed to pay the maintenance and cure payments owed to Plaintiff. In response, Plaintiff admits that the payments have been made, but, without citing to any law, argues that these payments were not always made in a timely manner. *See* Opp'n, ECF No. 73 at PageID #587; *see also* Pl.'s Concise Statement of Facts ("Pl.'s CSF"), ECF No. 74 at PageID #606 (citing to the maintenance and cure payment log between the times

of May 4, 2015 and August 1, 2017); Def.'s Ex. D (payment log), ECF No. 60-5 at PageID #296. This record shows periods between payments ranged from 12 days, with the longest period between payments being 92 days. Even assuming such periods constituted delays, they are insufficient for Plaintiff to meet his burden at summary judgment.

Merely showing that such time periods were delays, in and of themselves, without evidence of how Plaintiff was injured or otherwise prejudiced, is not cognizable as a matter of law. *See Snyder v. L&M Botruc Rental, Inc.*, 924 F. Supp. 2d 728, 736 (E.D. La. 2013) (granting summary judgment because "[i]t matters not that [defendant] may have only begrudgingly or reluctantly paid maintenance and cure, as long as it in fact paid"); *see also Kalyna v. City of New York*, 2018 WL 1342488, at *6 (E.D.N.Y. Feb. 28, 2018) ("The Amended Complaint . . . does not claim that the alleged delay, whatever its duration, prolonged plaintiff's pain and suffering or caused worsening of his injuries or additional injuries, which might support a claim for negligent denial of maintenance and cure.") (citation omitted).

Plaintiff does not dispute that these payments were paid to him. *See* Pl.'s CSF, ECF No. 74 at PageID #606 (admitting that "Defendant paid maintenance to Plaintiff, but not always in a timely manner"). More importantly,

Plaintiff has not provided evidence showing how any such delay injured or prejudiced him. It follows then, that Plaintiff failed to meet his burden at summary judgment. Because Plaintiff has failed to meet his burden to provide evidence that he has a cognizable maintenance and cure claim as a matter of law, his request for punitive damages as to this claim also fails.

Accordingly, Defendant's Motion for Summary Judgment as to Plaintiff's maintenance and cure claim (claim 3) is GRANTED.

## V. <u>CONCLUSION</u>

For the foregoing reasons, the court DENIES Defendant's Motion for Summary Judgment as to Plaintiff's negligence and unseaworthiness claims (claims 1 & 2), as there is a genuine issue of material fact as to when his injury occurred. The court, however, GRANTS Defendant's Motion for Summary Judgment as to Plaintiff's maintenance and cure claim (claim 3).

//

//

//

The court also finds, per the parties' stipulation, that the doctrine of collateral estoppel applies to preclude Plaintiff's neck injury claim.[9]

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 29, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Bautista v. Transoceanic Cable Ship Co. LLC*, Civ. No. 18-00151 JMS-KJM, Order Granting in part and Denying in part Defendant's Motion for Summary Judgment, ECF No. 59.

---

[9] At the hearing, the court, *sua sponte*, raised the issue of whether collateral estoppel applies to Plaintiff's neck injury, based on Judge Kay's findings. *Kawamoto v. Associated Indem. Corp.*, 2013 WL 1195285, at *4 n.6 (D. Haw. Mar. 21, 2013) ("It is proper for a federal court to raise the issue of collateral estoppel *sua sponte*, as long as the parties are given the opportunity to address the issue before the court rules.") (citing *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1055 n.6 (9th Cir. 2005)). The parties agreed that collateral estoppel applies to any claim of neck injury. Thus, going forward, Plaintiff is limited only to claims relating to his alleged back and knee injuries.